Peter CHILKEWITZ, Petitioner,

v.

Morton I. HYSON, M.D.,
P.A., Respondent.

No. 98–0363.

Supreme Court of Texas.

Argued Dec. 8, 1998.

Decided Oct. 21, 1999.

Sue S. Walker, Law Office of Sue Walker, Fort Worth, David G. Hart, Law Office of David G. Hart, for Petitioner.

Debora B. Alsup, Thompson & Knight, Julie Caruthers Parsley, Office of Atty. Gen. of Texas, Austin, Allison Roseman, Thompson & Knight, Dallas, John Cornyn, Atty. Gen. of State of Texas, Christine E. Burgess, Thompson & Knight, Austin, for Respondent.

Justice OWEN delivered the opinion of the Court in which Chief Justice PHILLIPS, Justice HECHT, Justice ENOCH, Justice BAKER, Justice ABBOTT, Justice O'NEILL and Justice GONZALES joined.

We grant, in part, Morton I. Hyson, M.D., P.A.'s motion for rehearing, withdraw our opinion dated June 17, 1999, and substitute the following in its place.

Section 10.01 of article 4590i establishes a two-year statute of limitations for medical malpractice actions, which applies "notwithstanding any other law." TEX. REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.1999). The question in this case is whether Texas Rule of Civil Procedure 28, which permits a party to sue or be sued in an assumed name, constitutes "any other law" within the meaning of section 10.01. Because we conclude that Rule 28 is not a tolling provision and does not extend limitations beyond the period prescribed by section 10.01, we reverse the judgment of the court of appeals and remand this case to the court of appeals.

I

Peter Chilkewitz injured his back while at work. After several months of ineffective therapy, his physician, James Elbaor,

recommended that Chilkewitz undergo surgery to alleviate his continuing back pain. Dr. Elbaor referred Chilkewitz to Dr. Morton Hyson for preoperative tests. Dr. Hyson and Mary Sklodowski, a medical technician employed by Dr. Hyson's professional association, Morton Hyson, M.D., P.A. (the Association), conducted those tests on Chilkewitz.

Dr. Elbaor subsequently performed surgery and used an electrocautery unit (ECU) to make incisions and cauterize blood vessels. Sklodowski assisted him, and as part of the procedure, she performed somatosensory evoked potential (SEP) monitoring on Chilkewitz. SEP monitoring is used to determine whether the surgical procedure is causing injury to the nervous system. Due to improper grounding of the ECU, a very large amount of high frequency electricity passed through one of the SEP electrodes attached to Chilkewitz's leg. As a result, Chilkewitz suffered a severe and debilitating burn to his leg. Dr. Hyson was not present during Chilkewitz's surgery.

Less than two years after the surgery, Chilkewitz sent Hyson a notice letter in conformity with the Medical Liability and Insurance Improvement Act, TEX.REV.CIV. STAT. ANN. art. 4590i (Vernon Supp.1999), (the Act or article 4590i). Pursuant to section 4.01(c) of article 4590i, the applicable two-year statute of limitations was tolled for seventy-five days from the date the letter was sent. *Id.* § 4.01(c); *see De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 937 (Tex.1993). Dr. Hyson testified at trial that upon receipt of that letter, his professional association was aware of the claim. The Association immediately notified its malpractice carrier and began investigating the allegations.

Chilkewitz thereafter sued "Morton Hyson, M.D." and others within the limitations period. The original petition described Morton Hyson, M.D. as an individual who practices medicine. Morton Hyson, M.D. filed his original answer generally denying all of Chilkewitz's ma-terial allegations, claiming that no act of Hyson, M.D. proximately caused any injury to Chilkewitz, alleging that any injury was caused by someone or something else, and claiming that the injury was unavoidable.

After the two-year limitations and the seventy-five day tolling periods had elapsed, Hyson, M.D. filed a motion for summary judgment alleging that he, individually, did not perform surgery on Chilkewitz; that none of Dr. Hyson's employees nor any person under his personal control performed or attended the surgery; and that Dr. Hyson did not own any of the test equipment used during the surgery. Chilkewitz promptly amended his original petition, changing the designation of "Morton Hyson, M.D." as a defendant to "Morton Hyson, M.D., P.A." Chilkewitz asserted in that amended petition that Morton Hyson, M.D., P.A. was misnamed in the original petition but that service was made on the correct party. Chilkewitz further alleged that naming Hyson's professional association instead of Hyson individually was done to correct a misnomer or, alternatively, that if Chilkewitz had sued the wrong party, "Morton Hyson, M.D." had notice of the suit and was not prejudiced by the fact that Chilkewitz named the physician rather than the Association.

The Association then filed a motion for summary judgment based on the statute of limitations. That motion asserted that section 10.01 of article 4590i precluded the use of the doctrines of misnomer and misidentification to toll the statute of limitations. In his response, Chilkewitz's arguments included his contentions that the Association did business under the assumed or common name of Morton Hyson, M.D.; that naming the Association as Morton Hyson, M.D. was a misnomer; and that if Hyson, M.D. and the Association were separate entities, then the Association was not prejudiced by the misidentification. The trial court denied the Association's motion for summary judgment.

At trial, the parties agreed that the trial court should make all determinations regarding the limitations defense, including factual findings. The remaining issues were tried to a jury, and it returned a verdict for Chilkewitz, finding that Hyson, M.D. was fifteen percent responsible for Chilkewitz's injury and awarding Chilkewitz over $1,000,000. The Association moved for judgment notwithstanding the verdict on the limitations issue. In response, Chilkewitz argued that Hyson, M.D. was the assumed or common name of the Association, that Hyson, M.D. was a misnomer, or, alternatively, that any misidentification did not prejudice the Association. The trial court impliedly overruled the Association's motion by rendering judgment for Chilkewitz.

The Association appealed, and the court of appeals en banc reversed and rendered judgment that Chilkewitz take nothing because of limitations. 971 S.W.2d 563. The court of appeals held that Chilkewitz waived misidentification as a matter in avoidance of limitations because his pleadings only included misnomer and assumed name under Texas Rule of Civil Procedure 28 (Rule 28). *Id.* at 568–69. The court of appeals then held that both misnomer and assumed name operate to toll limitations and, accordingly, that the "notwithstanding any other law" language in section 10.01 prevents the application of either misnomer or Rule 28. *Id.* at 569–74.

We disagree with the court of appeals that Rule 28 operates as a tolling provision and is inapplicable under section 10.01 of article 4095i. Rule 28 permits suit against a party in its assumed name. TEX. R. CIV. P. 28. Because there was some evidence that Hyson's professional association conducted business as Morton Hyson, M.D., the trial court's judgment should not have been reversed.

## II

Morton Hyson, M.D. was the sole physician, sole officer, sole shareholder, and sole director of his professional association, Morton Hyson, M.D., P.A. No one disputes that Chilkewitz brought suit within the applicable limitations period against a defendant identified in the original petition as "Morton Hyson, M.D."

■ The first question that we must decide is whether a professional association can do business in the name of an individual for purposes of Rule 28 or whether the circumstances of this case can give rise to only a misidentification or a misnomer. Our common-law decisions have recognized that a misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity. *See Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990). Misidentification is generally distinct from misnomer. Misnomer arises when a plaintiff sues the correct entity but misnames it. *See id.*

■ In this case, two distinct legal entities with similar names exist: (1) Morton Hyson, M.D. in his individual capacity, and (2) his professional association, Morton Hyson, M.D., P.A. We need not decide, however, whether this is a case of misidentification, misnomer, or both because neither of those common-law doctrines operates to the exclusion of Rule 28 when there are facts that call Rule 28 into play. Rule 28 provides:

Suits in Assumed Name

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

TEX.R. CIV. P. 28.

■ Under this Rule, a plaintiff can bring suit against an individual doing business under the name of an association, partnership, or corporation, even if the

association, partnership, or corporation does not exist. For example, a plaintiff could effectively bring suit against an individual doing business as "Widgets International, Inc." by naming Widgets International, Inc. as the defendant. The Rule would allow the plaintiff to bring suit against the individual even if the plaintiff mistakenly thought that a company under that name legally existed and identified the defendant in his original petition as "Widgets International, Inc., a corporation." At the same time, an association, partnership, or private corporation may do business under the name of an individual and may be sued under that assumed name. Here, although Chilkewitz described Hyson as an individual in his original petition, his suit against Morton Hyson, M.D. was effective to commence suit against the Association doing business under the name of Morton Hyson, M.D. Of course, at some point before judgment, the plaintiff must amend the petition to add the correct legal name of the actual defendant. *See Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 760–61 (Tex.1995).

█ It is certainly conceivable that a professional association, particularly one comprised of only one professional, may do business in the name of an individual. There is some evidence in this case that the Association did just that. The stationery used by the Association bore the letterhead "Morton I. Hyson, M.D." with the notation below it "Diplomate American Board of Psychiatry and Neurology." Letters written to Dr. Elbaor about Chilkewitz's condition were typed on that letterhead, a summary of Chilkewitz's treatment had the same letterhead, and the phone number for the Association in the local Yellow Pages was listed under the name "Hyson Morton." This is some evidence from which the trial court could have concluded that the Association could be and was sued in its "assumed or common name for the purpose of enforcing … against it a substantive right." Tex.R. Civ. P. 28.

Thus, we turn to the question of whether section 10.01 of the Medical Liability Act forecloses application of Rule 28.

### III

Section 10.01 of article 4590i provides:

*Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to *all persons* regardless of minority or other legal disability.

Tex.Rev.Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp.1999) (emphasis added). The Association contends that Rule 28 is "any other law" and that Chilkewitz is in the class of "all persons" to whom none of the exceptions stated in section 10.01 apply. If Rule 28 extends the time within which a health care liability claim could be commenced, we would agree with the Association that section 10.01 forecloses the operation of not only rules promulgated by this Court but also statutes enacted by the Legislature that would otherwise extend limitations.

We have consistently held that, other than cases concerning the open courts provision of the Texas Constitution and the tolling provisions expressly contained within the Medical Liability and Insurance Improvement Act itself, section 10.01 imposes an absolute two-year statute of limitations on health care liability actions. In *Morrison v. Chan,* 699 S.W.2d 205 (Tex.1985), we held that, absent a violation of the open courts provision of the Texas Constitution, section 10.01 abolished the discovery rule in cases governed by the Act. *Id.* at 207, 208. Most recently in *Diaz v. Westphal,* 941 S.W.2d 96 (Tex.1997), we reiterated

the preclusion of the discovery rule in cases under the Act. *Id.* at 99.

In *Hill v. Milani,* 686 S.W.2d 610 (Tex. 1985), we considered whether the absence-from-the-state tolling provision in article 5537 can affect the two-year limitations period in section 10.01. *Id.* at 611. We held that article 5537 was part of the "other law" expressly made inapplicable by section 10.01. *Id.* In *Bala v. Maxwell,* 909 S.W.2d 889 (Tex.1995), we held that when a plaintiff brings a wrongful death action that is based on medical negligence, the statute of limitations in section 10.01 applies to the exclusion of the two-year wrongful death statute of limitations in section 16.003(b) of the Texas Civil Practice and Remedies Code. *Id.* at 892. We wrote that "the Legislature unequivocally expressed its intent that, when *the time limitations of section 10.01 conflict* with another law, section 10.01 governs." *Id.* at 892–93 (emphasis added); *see also Shepherd v. Ledford,* 962 S.W.2d 28, 31 (Tex. 1998).

■ But in all the foregoing cases, the issue was either when limitations began to run or whether limitations could be tolled or interrupted. Rule 28 concerns none of those issues. That procedural rule simply provides that if an entity conducts business under an assumed or common name, it may be sued in that name. *See* Tex.R. Civ. P. 28. Limitations is not tolled. Rule 28 is not "any other law" that extends limitations within the meaning of section 10.01. The proper party is sued when that party is sued in its assumed or common name.

■ The Association cites *Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757 (Tex.1995), for the proposition that Rule 28 tolls limitations until the correct party is correctly named. *Id.* at 759–60. In *Bailey,* we held that Rule 28 did not apply under the facts of that case because the corporate entity that the plaintiff sued had ceased to exist. The defunct corporation could not do business under an assumed or any other name because it had merged with another entity into a new corporation. We did say in dicta in *Bailey* that "Rule 28 is a procedural rule of equity which allows Texas courts to toll a statute of limitations when the plaintiff's efforts to name the correct party are hampered by the defendant's 'laying behind the log' of an assumed name." *Id.* at 759. However, we cited as support for this proposition the court of appeals' decision in *Continental Trailways, Inc. v. Hilland,* 516 S.W.2d 279, 281 (Tex.Civ.App.—Houston [14th Dist.] 1974), and our own decision reversing that case, *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975). *Continental Southern* involved misidentification rather than Rule 28. *See* 528 S.W.2d at 830–31. In misidentification cases, limitations may be tolled when a plaintiff sues an incorrect entity if there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake. *See id.* at 831. But Rule 28 is not a tolling provision when a party is sued in the name under which it conducts business and that party has actual notice of the suit. Rule 28 allows suit directly against the correct party in its assumed name. To the extent that *Bailey* and certain court of appeals decisions indicate that Rule 28 is a tolling provision, we disapprove of them. *Bailey,* 894 S.W.2d at 759; *Bell v. State Farm Ins. Cos.,* 940 S.W.2d 368, 371–72 (Tex.App.— San Antonio 1997, writ denied); *Hernandez v. Furr's Supermarkets, Inc.,* 924 S.W.2d 193, 196 (Tex.App.—El Paso 1996, writ denied); *L.L.M. v. Mayes,* 733 S.W.2d 642, 644 (Tex.App.—San Antonio 1987, no writ).

Because the Association conducted business under the name of Morton Hyson, M.D., suit was commenced against the Association when suit was filed naming "Morton Hyson, M.D." as a defendant, and the Association was notified of the suit through its only officer and director, who also did business under the same name.

The Association makes two final arguments regarding Rule 28. First, the Association asserts that Chilkewitz failed to raise assumed name in a timely manner. But the record does not bear this out. The Association concedes that Chilkewitz's second amended petition raised the issue of assumed name after the Association filed a motion for summary judgment on the basis of limitations. And the fact that the Association conducted business under an assumed name was also raised by Chilkewitz in his response to that motion. Chilkewitz's eighth amended petition, filed after the jury reached its verdict and after the Association moved for judgment notwithstanding the verdict, also asserted that the Association had conducted business under an assumed name. The trial court subsequently rendered judgment for Chilkewitz. The Association made no argument on appeal that the trial court erred in permitting Chilkewitz to file his eighth and final petition.

Second, the Association argues that Chilkewitz waived assumed name by failing to obtain jury findings. However, the parties agreed before trial that the trial court should decide all factual and legal issues regarding limitations. During trial, in testimony outside the presence of the jury, Chilkewitz offered evidence of an assumed or common name. At that time, Chilkewitz's pleadings did not expressly assert Rule 28 or assumed name. But the Association did not object to evidence of assumed name and reconfirmed on the record that the trial court was to decide the limitations issue. After this testimony, and before the case was submitted to the jury, Chilkewitz filed his seventh amended petition, which once again expressly raised the assumed name issue. The trial court permitted the filing of that pleading, and the Association did not challenge that ruling on appeal. Chilkewitz timely raised the question of assumed name, and the trial court did not err in concluding that suit against "Morton Hyson, M.D." was suit against Hyson's professional association in its assumed name.

Because the court of appeals rendered judgment for the Association based on limitations, it did not consider the Association's other points of error. In light of our holding that limitations was not a bar, we remand this case to the court of appeals so that it may consider the Association's remaining points of error. *See* TEX.R.APP. P. 53.4. Accordingly, we reverse the judgment of the court of appeals and remand this case to the court of appeals.

Justice HANKINSON did not participate in the decision.