11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Rodney and Veeta Truttling, Individually and

on Behalf of the Estate
of Julien Truttling

Appellants

Vs.                   No.
11-01-00263-CV B Appeal from Dallas County

Metropolitan Life
Insurance Company

Appellee

 

Rodney and
Veeta Truttling, Individually and on Behalf of the Estate of Julien Truttling,
appeal the trial court=s
summary judgment that their claim against Metropolitan Life Insurance Company
was barred by limitations.  Appellants
argue that the Amisnomer@ or  Amisidentification@ doctrines and TEX.R.CIV.P. 28 tolled the
statute of limitations.  We affirm.  

Background
Facts

On
December 30, 1995, Julien Truttling was murdered during a fraternity party at a
Doubletree Hotel in Dallas. 
Metropolitan Life Insurance Company was the owner of the Doubletree
Hotel at the time of his death.  On
August 8, 1997, appellants filed suit, individually and on behalf of the Estate
of Julien Truttling, against Doubletree Corporation d/b/a Doubletree Hotel;
Omega Psi Phi Fraternity, Inc.; and others. 
Metropolitan was not named as a defendant.  On September 11, 1998, over two years after Julien Truttling=s death, appellants filed their Fourth
Amended Petition which named Metropolitan Life Insurance Company as a
defendant.  Metropolitan pleaded the
affirmative defense that appellants= claims were barred by the statute of limitations. TEX. CIV. PRAC.
& REM. CODE ANN. '
16.003 (Vernon Supp. 2002).

Metropolitan
subsequently filed a motion for summary judgment on the ground that appellants= claims were barred by Section 16.003.   The trial court granted Metropolitan=s motion. 
Metropolitan then filed a motion to sever.  The trial court entered its order severing appellants= claims against Metropolitan; and appellants
appealed from the final judgment in favor of Metropolitan.








Standard
of Review

A trial
court must grant a motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that he is entitled to
judgment as a matter of law. 
TEX.R.CIV.P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex.1991).  A trial court properly
grants summary judgement for a defendant if he establishes all the elements of
an affirmative defense.  American
Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).  Once the movant establishes his right to a
summary judgment, the non-movant must come forward with evidence or law that
precludes summary judgment.  City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79 (Tex.1979).  When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the non-movant.  American Tobacco Company, Inc. v. Grinnell,
supra at 425; Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546,
548-49 (Tex.1985).

In their
sole issue, appellants argue that the trial court erred in granting summary
judgment for Metropolitan on the ground of limitations.  They first assert that either misnomer or an
exception to the general rule of misidentification tolled limitations.  They also assert that Rule 28 tolled
limitations.  

                                                       Misnomer
and Misidentification

In Enserch
Corporation v. Parker, 794 S.W.2d 2 (Tex.1990), the Texas Supreme Court distinguished
misnomer and misidentification:

Texas
courts have recognized a distinction between misnomer and
misidentification.  If the plaintiff
merely misnames [and serves] the correct defendant (misnomer), limitations is
tolled and a subsequent amendment of the petition relates back to the date of
the original petition.  If, however, the
plaintiff is mistaken as to which of two defendants is the correct one and
there is actually existing a corporation with the name of the erroneously named
defendant (misidentification), then the plaintiff has sued the wrong party and
limitations is not tolled.

 

Id. at 4.








There is
an exception to the rule that limitations are not tolled in a misidentification
case.  Limitations may be tolled when a
plaintiff sues an incorrect entity if there are two separate but related
entities that use a similar trade name and the correct entity had notice of the
suit and was not misled or disadvantaged by the mistake.  See Chilkewitz v. Hyson, 22 S.W.3d 825,
830  (Tex.1999); Continental Southern
Lines, Inc. v. Hilland, 528 S.W.2d 828, 831 (Tex.1975).  

Appellants
claim that either the misnomer doctrine or the exception to the
misidentification doctrine tolls the statute of limitations.  Appellants did not timely raise this argument
in the trial court.  On September 12,
2000, appellants filed their response to Metropolitan=s motion for summary judgment specifically
raising Rule 28 as a defense. 
Appellants did not mention misidentification or misnomer in their
response.  On October 12, 2000, the
trial court heard the motion for summary judgment and granted summary judgment
for Metropolitan on November 3, 2000. 

Appellants
first asserted their argument on misnomer or misidentification in a
supplemental response that they filed on November 3, 2000, the day of the
summary judgment ruling.  Rule 166a(c)
requires a summary judgment response to be filed at least seven days before the
summary judgment hearing unless the respondent gets leave of court to file it
later.  If leave of court is not granted
in writing, the response is not before the court.  Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex.1996).  Appellants= response was not filed within seven days of the hearing, and there is
no order in the record granting appellants leave to file the late supplemental
response.  Misnomer and
misidentification cannot be considered on this appeal.

                                                                        Rule
28

Appellants
argue that limitations were tolled by the operation of Rule 28 which provides:

Any
partnership, unincorporated association, private corporation, or individual
doing business under an assumed name may sue or be sued in its partnership,
assumed or common name for the purpose of enforcing for or against it a
substantive right, but on a motion by any party or on the court=s own motion the true name may be
substituted.

 








In
Chilkewitz v. Hyson, supra at 830, the Texas Supreme Court emphasized that Rule
28 is not a tolling provision.  Rule 28
provides that, if an entity conducts business under an assumed or common name,
it may be sued under that name.  The
plaintiff in Chilkewitz sued Morton Hyson, M.D., in his individual
capacity.  The correct defendant was his
professional association, Morton Hyson, M.D., P.A.  There was evidence that the association conducted business under
the name of Morton Hyson, M.D.  Hyson
acknowledged that the association was made aware of the claim even before the
plaintiff filed suit.  The court held
that plaintiff could correct the name to Morton Hyson, M.D., P.A., after the
two-year limitation period because Rule 28 allowed plaintiff to sue the
association in the assumed name of Morton Hyson, M.D., and because the
association had actual notice of the suit. 
Chilkewitz v. Hyson, supra at 830.

In the
case before us, Rule 28 does not apply. 
Appellants timely sued Doubletree Corporation d/b/a Doubletree
Hotel.  Doubletree Corporation is a
legal entity which does business in its own name and in the name of Doubletree
Hotel.  Appellants point to the control
that Metropolitan retained under its management agreement with Doubletree and
describe the business relationship between the two corporations; but that is
not evidence that Metropolitan conducted business under the assumed name of
Doubletree Corporation or Doubletree Hotel. 
The trial court did not err in granting summary judgment for
Metropolitan on limitations.  Appellants= sole issue is overruled.

This
Court=s Ruling

The judgment of the trial
court is affirmed.

 

TERRY McCALL

JUSTICE

 

April 25, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.