NO. 07-03-0234-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH , 2004
_____

BILLY RAY MCDANIELS,

Appellant

v.

BERNHARD T. MITTEMEYER, M.D., C. COLEMAN BROWN,
M.D., and UNIVERSITY MEDICAL CENTER BOARD OF DIRECTORS,
DAVID ALLISON, JAMES P. COURTNEY, AND CAROL CLOUD,

Appellees
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-520,136; HON. ANDREW KUPPER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Billy Ray McDaniels appeals from final summary judgments decreeing that he take

nothing, in his medical malpractice suit, against Bernhard T. Mittemeyer, M.D., and the

University Medical Center Board of Directors David Allison, James P. Courtney, and Carol

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T
CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

Cloud, R.N. (collectively referred to as UMC).[2]  His sole issue concerns whether the trial court properly granted summary judgment on the basis of limitations.  We affirm the judgment of the trial court.

### Background [3]

The record before us reveals that McDaniels, an inmate in the Institutional Division of the Department of Criminal Justice, underwent surgery on May 16, 2000, for the removal of a tumor on his kidney.  The procedure, done at the University Medical Center, was performed by doctors Mittemeyer and Brown.  And, rather than simply remove the tumor, the two surgeons purportedly removed his entire kidney and adrenal gland without his prior consent.  This allegedly constituted medical malpractice.

McDaniels sent to Mittemeyer, Brown, and UMC notice of his claim on or by May 13, 2002.  Subsequently, according to McDaniels, suit was filed on August 12, 2002.  After joining issue, UMC and Mittemeyer moved (in separate motions) for summary judgment, contending that the litigation was not commenced within the applicable statute of limitations.  The trial court granted the motions and denied McDaniels recovery.

### Statute of Limitations

It is well settled that an individual has two years to file suit alleging a chose-in-action sounding in medical malpractice. *Chilkewitz v. Hyson*, 22 S.W.3d 825, 829-30 (Tex. 1999).

---

[2]In addition to the parties we named, McDaniels also sued C. Coleman Brown, M.D.  However, citation was never served upon him, as determined by the trial court.  Nor did Brown file an answer.  Furthermore, nothing of record indicates that McDaniels continued to attempt or expected to obtain service upon Brown.  Under these circumstances, and since McDaniels was denied recovery against all other defendants, we treat the failure to serve Brown as a non-suit and deem the summary judgments final. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (so holding under like circumstances).

[3]We describe the facts and background of the case in a light most favorable to McDaniels.

The period commences on the date the breach or tort occurred or from the date the medical or health care treatment underlying the claim was completed. *Id.* And, it is absolute, meaning that any delay in the discovery of the purported misfeasance does not postpone the date on which the two year period begins to run. *Id.* However, if timely notice of the claim is afforded the defendants, the two years is extended by 75 days. TEX. REV. CIV. STAT. ANN. art. 4590i §4.01(c) (Vernon Supp. 2003).

Here, it is undisputed that the breach, act or treatment complained of happened on May 16, 2000. Assuming notice of the claim was timely afforded UMC and Mittemeyer, limitations began to run on May 17, 2000, and expired two years and 75 days later, *i.e.* July 30, 2002. McDaniels, however, did not file suit until August 12, 2002, or approximately 13 days after the period had lapsed.[4] Thus, suit was untimely as a matter of law.

To the extent that McDaniels also avers that summary judgment could not be awarded to Mittemeyer on grounds not expressed in his motion, we note the following. In his motion, Mittemeyer stated that he "joins in the Motion for Summary Judgment filed by" UMC. So too did he expressly "adopt[] all briefing and facts set out in" the same motion. Furthermore, in UMC's motion, the movants expressly alleged that "Plaintiff's claim [was], as a matter of law, barred by the statute of limitations contained in Tex. Rev. Civ. Stat. Ann., Art. 4590i, §10.01." While the better practice may have been to expressly urge

---

[4] Though McDaniels suggests that Saturdays, Sundays and holidays are excluded from the calculation, he cites us to no authority supporting that proposition. Indeed, such a mode of calculating deadlines goes unmentioned in those provisions of the Texas Government Code addressing the computation of time. *See* TEX. GOV'T CODE ANN. § 311.014 (Vernon 1998). Nor could one even say that Rule 4 of the Texas Rules of Civil Procedure authorizes the exclusion of weekends and holidays. *See* TEX. R. CIV. P. 4 (stating that Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of "five days or less" in these rules). Thus, we reject McDaniels' mode of calculating the relevant time period.

3

limitations as a ground for summary judgment, by joining in the motion of UMC and by adopting its briefing and factual allegations, Mittemeyer effectively incorporated into his own motion the ground that suit was barred by limitations. *See Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 699-700 (Tex. App.–Corpus Christi 2001), *rev'd on other grounds*, 118 S.W.3d 742 (Tex. 2003) (stating that grounds for summary judgment appearing in one defendant's motion may be adopted and incorporated by reference into another defendant's motion).

For the reasons stated above, we overrule McDaniels' issue and affirm the final summary judgments.


Brian Quinn
Justice