OPINION


No. 04-03-00929-CV


Raymond V. FELAN, Individually and as Next Friend to

Ashleigh F. Felan, a minor child, Asia F. Felan, a minor child,

and Jared M. Felan, a minor child, and as

Administrator of the Estate of Josephine Garcia Felan,

Appellants


v.


HUMANA, INC.,

and Humana Health Plan of Texas, Inc.,

Appellees


From the 285th Judicial District Court, Bexar County, Texas

Trial Court No. 2000-CI-10013

Honorable David Berchelmann, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: December 29, 2004


REVERSED AND REMANDED

 This is a limitations case involving the misidentification of defendants. The plaintiff
mistakenly sued the wrong defendant because of a similarity of names. When the correct
defendant was finally sued, the limitations period had expired. The question is whether the
plaintiff is saved from a limitations defense because the correct defendant had timely notice
of the suit. We hold that notice of the suit by the correct but untimely sued defendant results
in equitable tolling of limitations. Accordingly, the summary judgment order is reversed and
the matter is remanded to the trial court.

Factual and Procedural Background

 Raymond V. Felan was an employee of Humana, Inc., a health care provider. He and
his wife, Josephine, were insured by Humana Health Plan of Texas, Inc., a health insurance
plan made available to Humana's employees. Josephine became ill and her medical treatment
was undertaken and paid for in accordance with the terms of the insurance plan. Ultimately,
Josephine's treatment was unsuccessful and she died on January 22, 1999. On July 10, 2000,
Raymond, individually and on behalf of his minor children and his wife's estate, sued
Humana Health Care n/k/a National Association of Family and Friends (NAFF), claiming
it was negligent in making health care decisions for Josephine that resulted in her death.
NAFF answered the suit, denying it was a proper party or that it was liable in the capacity
sued. In February 2002, NAFF filed a motion for summary judgment asserting it was not
liable to Raymond because it had ceased to exist as an entity some five years before the
alleged wrongful conduct. No summary judgment response was filed, but before the hearing
on the motion, Raymond filed his Motion to Substitute True Name of Party which, for the
first time, identified Humana, Inc. and Humana Health Plan of Texas, Inc. (Humana) as the
correct defendants, and acknowledging that NAFF had been incorrectly sued. The summary
judgment hearing was postponed and no ruling was made on Raymond's motion to substitute
parties. In the meantime, in July 2002, Raymond filed his First Amended Original Petition
which formally named Humana as defendants and deleted NAFF as a named party,
effectively non-suiting that entity. Raymond thereupon agreed to a take-nothing judgment
in favor of NAFF.

 A month later, Raymond sought a ruling on his motion to substitute parties, but
because no service of citation had been completed on Humana, and because NAFF's counsel
claimed no authority to act on behalf of Humana, the trial court refused to rule. Humana was
finally served with citation in February 2003 and the same counsel who had represented
NAFF was hired to defend Humana. Because suit against Humana was commenced well past
the applicable limitations period, Humana's answer alleged a limitations defense, and a
motion for summary judgment was filed on the ground that the suit was time barred.
Raymond responded by claiming that Humana, even though not timely sued, had notice of
the suit and was thus not misled, prejudiced or disadvantaged as a result of the mistake. On
the date of the summary judgment hearing, Raymond asked for a continuance for the purpose
of seeking more information to support his contention that Humana was not prejudiced as
a result of the pleading error. The continuance motion was denied, and a take-nothing
summary judgment was thereupon rendered in favor of Humana from which judgment
Raymond now appeals.

Discussion

 Raymond says the trial court erred in granting the summary judgment motion on
limitations grounds because the correct defendant, although misnamed, was timely sued, and
because he was entitled to equitable tolling of the limitations period.

 Raymond first contends this is a misnomer case. A misnomer occurs where the correct
entity has been sued but has merely been misnamed. See Enserch Corp. v. Parker, 794
S.W.2d 2, 4-5 (Tex. 1990). In the case of misnomer, limitations is tolled and a subsequent
amendment of the petition relates back to the filing date of the original petition. Id. But as
Raymond admitted, he did not sue the correct entity. NAFF was unrelated to Humana, the
true target of his suit. Accordingly, rather than misnomer, this is a case of misidentification.
A misidentification occurs if there are two or more separate but unrelated entities that use
a similar name and the plaintiff sues the wrong one. Id. When that occurs, limitations is not
tolled unless "the correct entity had notice of the suit and was not misled or disadvantaged
by the mistake." Chilkewitz v. Hyson, 22 S.W.3d 825, 830 (Tex. 1999).

 Because Humana is a separate and unrelated entity from NAFF, limitations is not
tolled, and summary judgment is proper, unless it is determined that Humana had notice of
the suit during the limitations period and would not be misled or disadvantaged by the
mistake of pleading. Id.

 It appears to be undisputed that Humana had actual knowledge of the suit that was
originally filed against NAFF. Walter E. Neely, a former principal of NAFF, submitted an
affidavit in support of NAFF's motion for summary judgment explaining why it was not
liable to Raymond. In his affidavit, Neely said he had "been told and understand that the
Plaintiffs in [the case] have filed suit against 'Humana Health Care Association n/k/a
National Association of Family and Friends' claiming that the Defendant was negligent in
failing to exercise ordinary care decisions regarding the health care of Josephine Garcia
Felan, and in failing to authorize and procure a referral to a tertiary care oncology center in
March 1998." Neely also happens to be the Vice-President and Associate General Counsel
for Humana.

 Neely's position with Humana was enough to impute his knowledge of the suit to his
employer. Humana would then have known, or should have known, that it would be the
target if Raymond ever learned the correct facts, and it would appear that it had as much
opportunity to prepare a defense as if it had been named the defendant in the original
petition. See Continental Southern Lines, Inc. v. Hilland, 528 S.W.2d 828, 831 (Tex. 1975).

 Contrary to Humana's contention, the issue is not the diligence of the plaintiff in
suing the correct defendant, but "whether the legitimate purpose of the limitations statute
would be served by its application under circumstances where no party is misled or placed
at a disadvantage by the error in pleading." Enserch Corp., 794 S.W.2d at 5. After all, "[t]he
primary purpose of a statute of limitations is to compel the exercise of a right within a
reasonable time so that the opposite party has a fair opportunity to defend while witnesses
are available and the evidence is fresh in their minds." Continental Southern Lines, Inc., 528
S.W.2d at 831. If Humana had actual knowledge of Raymond's claims and a fair opportunity
to defend itself, it does not serve the purpose of the statute of limitations to impose a strict
time bar on Raymond's suit merely because of a mistake in suing the wrong, but similarly
named, entity. The issue is sustained.

Conclusion

 When Humana acquired actual knowledge of the suit facts, it either knew or should
have known that it was the intended target of Raymond's claims. Accordingly, it would have
had as much opportunity to prepare a defense then as if it had been named the original
defendant. But whether or not Humana was misled or disadvantaged by the pleading error
is a fact issue that is unresolved by this record. Accordingly, the summary judgment order
is reversed and the matter is remanded to the trial court.

 It is not necessary to address Raymond's remaining issues.


 Justice Paul W. Green