NO. 07-05-0456-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 30, 2007


 ______________________________



BENNY P. PHILLIPS, M.D., APPELLANT



V.



DALE BRAMLETT, INDIVIDUALLY, AND AS INDEPENDENT


ADMINISTRATOR OF THE ESTATE OF VICKI BRAMLETT, DECEASED;


SHANE FULLER AND MICHAEL FULLER, APPELLEES


_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-522,183; HONORABLE SAM MEDINA, JUDGE


_______________________________




Before CAMPBELL and HANCOCK, JJ. and REAVIS, S.J. (1)

OPINION ON ORDER OF REMITTITUR


 Appellees, Shane Fuller and Michael Fuller have filled a remittitur of $220,000 each,
as suggested in our opinion of March 19, 2007. Accordingly, that portion of the trial court
judgment providing that Shane Fuller collect from Benny P. Phillips, M.D. for future
pecuniary loss in the principal amount of $250,000 is reformed to provide that Shane Fuller
recover from Benny P. Phillips, M.D. the principal amount of $30,000 for future pecuniary
loss. That portion of the trial court judgment providing that Michael Fuller collect from
Benny P. Phillips, M.D. for future pecuniary loss in the principal amount of $250,000 is
reformed to provide that Michael Fuller recover from Benny P. Phillips, M.D. the principal
amount of $30,000 for future pecuniary loss. That portion of the trial court judgment
providing prejudgment interest is reformed to provide for prejudgment interest on the
principal amount $2,921,000 through October 3, 2005, of $545,146.62. After an offset of
prejudgment interest for a written settlement offer of $6,630 the total prejudgment interest
is $538,516.62. 

 The trial court judgment is affirmed as reformed herein and is reversed and
rendered on the issue of gross negligence, as reflected in our opinion of March 19, 2007. 

 

 Mackey K. Hancock

 Justice





Consistent with his dissent to the Court's opinion in this case of March 19, 2007, Campbell,
J., dissents without opinion. 


Reavis, S.J., concurring. 
1. Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



>

Statute of Limitations


 It is well settled that an individual has two years to file suit alleging a chose-in-action
sounding in medical malpractice. Chilkewitz v. Hyson, 22 S.W.3d 825, 829-30 (Tex. 1999). 
The period commences on the date the breach or tort occurred or from the date the
medical or health care treatment underlying the claim was completed. Id. And, it is
absolute, meaning that any delay in the discovery of the purported misfeasance does not
postpone the date on which the two year period begins to run. Id. However, if timely notice
of the claim is afforded the defendants, the two years is extended by 75 days. Tex. Rev.
Civ. Stat. Ann. art. 4590i §4.01(c) (Vernon Supp. 2003). 

 Here, it is undisputed that the breach, act or treatment complained of happened on
May 16, 2000. Assuming notice of the claim was timely afforded UMC and Mittemeyer,
limitations began to run on May 17, 2000, and expired two years and 75 days later, i.e. July
30, 2002. McDaniels, however, did not file suit until August 12, 2002, or approximately 13
days after the period had lapsed. (4) Thus, suit was untimely as a matter of law.

 To the extent that McDaniels also avers that summary judgment could not be
awarded to Mittemeyer on grounds not expressed in his motion, we note the following. In
his motion, Mittemeyer stated that he "joins in the Motion for Summary Judgment filed by"
UMC. So too did he expressly "adopt[] all briefing and facts set out in" the same motion. 
Furthermore, in UMC's motion, the movants expressly alleged that "Plaintiff's claim [was],
as a matter of law, barred by the statute of limitations contained in Tex. Rev. Civ. Stat.
Ann., Art. 4590i, §10.01." While the better practice may have been to expressly urge
limitations as a ground for summary judgment, by joining in the motion of UMC and by
adopting its briefing and factual allegations, Mittemeyer effectively incorporated into his own
motion the ground that suit was barred by limitations. See Chapman v. King Ranch, Inc.,
41 S.W.3d 693, 699-700 (Tex. App.-Corpus Christi 2001), rev'd on other grounds, 118
S.W.3d 742 (Tex. 2003) (stating that grounds for summary judgment appearing in one
defendant's motion may be adopted and incorporated by reference into another defendant's
motion). 

 For the reasons stated above, we overrule McDaniels' issue and affirm the final
summary judgments. 


 Brian Quinn 

 Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. In addition to the parties we named, McDaniels also sued C. Coleman Brown, M.D. However,
citation was never served upon him, as determined by the trial court. Nor did Brown file an answer. 
Furthermore, nothing of record indicates that McDaniels continued to attempt or expected to obtain service
upon Brown. Under these circumstances, and since McDaniels was denied recovery against all other
defendants, we treat the failure to serve Brown as a non-suit and deem the summary judgments final. See
Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962) (so holding under like
circumstances). 
3. We describe the facts and background of the case in a light most favorable to McDaniels.
4. Though McDaniels suggests that Saturdays, Sundays and holidays are excluded from the
calculation, he cites us to no authority supporting that proposition. Indeed, such a mode of calculating
deadlines goes unmentioned in those provisions of the Texas Government Code addressing the computation
of time. See Tex. Gov't Code Ann. § 311.014 (Vernon 1998). Nor could one even say that Rule 4 of the
Texas Rules of Civil Procedure authorizes the exclusion of weekends and holidays. See Tex. R. Civ. P. 4
(stating that Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period
of "five days or less" in these rules). Thus, we reject McDaniels' mode of calculating the relevant time period.