ACCEPTED
01-14-00799-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 2:29:53 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-14-00799-cv

IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 2:29:53 PM
CHRISTOPHER A. PRINE
Clerk

FOR THE FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

BARBARA REGINA SCHLEIN,

*Appellant/Cross-Appellee,*

*vs.*

ANTHONY P. GRIFFIN,

*Appellee/Cross-Appellant.*

**REPLY BRIEF OF APPELLANT
BARBARA REGINA SCHLEIN**

Stephen H. Cagle
State Bar No. 24045596
Heather Panick
State Bar No. 24062935
CHRISTIAN, SMITH & JEWELL LLP
2302 Fannin, Suite 500
Houston, Texas 77002
t: (713) 659-7617
f: (713) 659-7641
ATTORNEYS FOR APPELLANT

*ORAL ARGUMENT REQUESTED*

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.      Appellee Lacked Standing to Bring Suit in his Own Name.. . . . . . . . 5

    II.     The Trial Court did not Err in Denying Cross-Appellant's JNOV on the Deceptive Trade Practices Questions Submitted to the Jury. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    III.    Error as to Rebuttal Witnesses was Preserved . . . . . . . . . . . . . . . . . 11

CONCLUSION AND RELIEF REQUESTED.. . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

*Cases*

*Arkoma Basin Exploration Co., Inc. v. FMF Associates 1990-A, Ltd.,*
249 S.W. 3d 380, 387 (Tex. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bailey v. Vanscot Concrete Corp.,* 894 S.W. 2d 757, 759-761
(Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chilkewitz v. Hyson,* 22 S.W.3d 825, 829, 830 (Tex. 1999). . . . . . . . . . . . . . . 9, 10

*Durbin v. Dal-Briar Corp.,* 871 S.W. 2d 263, 268-269, 273
(Tex. App.–El Paso 1994, writ denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Emmett Properties, Inc. v. Halliburton Energy Services, Inc.,*
167 S.W.3d 365, 371 (Tex. App.–Houston [14[th] Dist.] 2005, pet. denied). . . . . . . 8

*Golden Eagle Archery, Inc. v. Jackson,* 24 S.W. 3d 362 (Tex. 2000). . . . . . . . . . 11

*Interstate Northborough P'ship,* 66 S.W. 3d 213, 220 (Tex. 2001). . . . . . . . . . . 12
*Sixth RMA Partners v. Sibley,* 111 S.W. 3d 46, 56 (Tex. 2003). . . . . . . . . . . . . . 9

*Statutes*

Tex. Bus. Orgs. Code § 21.551. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Other Authorities*

Tex. R. Civ. P. 28. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. R. Evid. 406. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Standards of Review in Texas, 38 St. Mary's L.J. 47, 75 (2006). . . . . . . . . . . . . 12

Tex. R. Evid. 103(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# SUMMARY OF ARGUMENT

Appellee Anthony Griffin admits that "A Griffin Lawyers" was never registered as an assumed name; he also admits that "Anthony P. Griffin Inc." is defunct. These are the only "parties" to the agreement with Barbara Schlein. Griffin drafted the contract at issue, and chose to contract through those "parties;" he must live with those terms now.

Furthermore, Griffin's reliance on Rule 28 to save his claim is misplaced because the Rules do not apply to entities with no legal existence. His status as "owner" of both entities does not give him the right to enforce his corporation's claim.

Finally, the trial court abused its discretion by preventing Schlein from effectively rebutting Griffin's claim that it was his "routine practice" to keep his clients informed, and by admitting dozens of unsigned letters based on this presumption. Further, Schlein preserved her complaint to the admission of undisclosed rebuttal witnesses on this point by timely objecting to the trial court's decision to permit such undisclosed witnesses.

## ARGUMENT

### I.   Appellee Lacked Standing to Bring Suit in his Own Name

Griffin is not a party to the agreement that is the basis of this lawsuit. Stripped to its essentials, Griffin argues he can enforce his corporation's contract because he is its sole shareholder. This is not the law in Texas, and Griffin, a lawyer, should know better.

The contract at issue is between Barbara Schlein and "A Griffin Lawyers / Anthony P. Griffin, Inc." [PX-1] Griffin originally brought suit in his individual capacity. When challenged in the trial court, Griffin responded by adding "A Griffin Lawyers" as a party. [CR-628] Yet Griffin brazenly admits in his Response that "A Griffin Lawyers" was never duly registered as a d/b/a of *any* entity. (Response Brief, at 10). The trial court erred by giving legal significance to this nonexistent entity.

Griffin's conduct in this case amply illustrates the evil which the laws on assumed names were designed to suppress. In 2012, in the Southern District of Texas, Griffin stated under penalty of perjury that "A Griffin Lawyers" was the assumed name of Anthony P. Griffin Inc. [CR-422, ln 1-18; CR 522] This is consistent with the contract at issue, which pairs "A Griffin Lawyers / Anthony P. Griffin Inc." as the contracting party. [PX-1] In 2014, when this was called into question, Griffin claimed "A Griffin Lawyers" as his own; he specifically denied that it had ever been used by

his corporation. [CR-640]

Because the only evidence supporting Griffin's standing is the inconsistent testimony of an interested witness, the trial court erred in finding that Griffin had standing to maintain suit.

Griffin's fallback position is one which has no support in the law. As his response brief states:

> In the case at bar, the assumed name was not a valid assumed name (not filed with the county clerk), this however did not restrict Anthony P. Griffin, the owner of both the defunct corporation and the non-registered assumed name to bring the claim to enforce the contract in question for services performed by Anthony P. Griffin.

Contrary to Griffin's claim, the owner of a defunct corporation may *not* enforce claims on behalf of the corporation. *See Emmett Properties, Inc. v. Halliburton Energy Services, Inc.*, 167 S.W.3d 365, 371 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

In *Emmett*, the shareholders of a defunct corporation sought to assert a claim of property damage on behalf of the corporation. The Fourteenth Court denied their request to intervene: "A corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong." The *Emmett* Court noted that, by statute and necessity, a stockholder's right to assert a claim is necessarily limited to a derivative action. *See* Tex. Bus. Orgs. Code §

21.551. "Even though stockholders may sustain indirect losses, they *have no independent right* to bring an action for injuries suffered by the corporation." *Id*. (emphasis in original). Thus Griffin may not assert claims on behalf of his corporation.

Griffin cites two cases to support his capacity argument. Neither one is applicable to the facts as presented here. In *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46 (Tex. 2003), the defendant never raised the issue of a lack of assumed name certificate until the case was in the Supreme Court; that court held that defendant had waived the issue. *Id.* at 56. Here Defendant properly raised the issue under Rule 93, moved for summary judgment on the issue, and vigorously contested whether Griffin had produced *any* evidence that he had used "A Griffin Lawyers" as an assumed name. [CR 481-567; CR 699-726] *Sixth RMA Partners* does not apply.

Next, Appellee's reliance on *Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999) is misplaced. *Chilkewitz* involved Tex. R. Civ. P. 28's application to a malpractice claim. The claim was erroneously filed against a physician individually when it was the doctor's professional association that performed the services. *Id.* The Supreme Court applied Tex. R. Civ. P. 28 to Chilkewitz's claim, holding that because the association had, in effect, done business in Dr. Hyson's name, suing the doctor was effective to sue the corporation. *Id.* at 829.

However, *Chilkewitz* does not apply because, as the Supreme Court noted, Rule 28 does not apply to defunct corporations, which cannot do business "under an assumed name or any other name." *Id.* at 830 (citing *Bailey v. Vanscot Concrete Corp.,* 894 S.W.2d 757, 759-761 (Tex. 1995). Griffin has consistently admitted that Anthony P. Griffin Inc. is "defunct." In fact, he admitted that the corporation had not been in good standing since 1998; and public records show it has forfeited its legal existence. [CR-802] Rule 28 has no application under the facts of this case.

Anthony P. Griffin chose to contract with Barbara Schlein through a defunct corporation, using a non-registered DBA. It is unclear why he chose to do this. What is clear is that, under Texas law, neither the "defunct" corporation nor the unregistered assumed name may use the courts of the State to enforce claims. The trial court's decision, permitting the suit to go forward, was a clear abuse of discretion.

## II. The Trial Court Created a Misleading Impression by Excluding Appellant's Habit and Rebuttal Evidence

The trial court excluded all mention of 29 grievances filed against Anthony Griffin; allowed only cross-examination over three grievances which were final; and then permitted rebuttal testimony by Griffin's witnesses. The trial court's decision allowed Griffin to foster a false impression in the minds of the jury and vitiated Ms. Schlein's defense. In doing so, the trial court erred; this error probably resulted in rendition of an improper verdict.

The 32 excluded grievances were admissible for several reasons: because Griffin "opened the door" to their admission [RR 6 165:7-18]; to rebut Griffin's testimony about the "habit or routine practice" of his office [RR 6, 165:7-18]; and as similar happenings evidence [Brief of Appellant 17-22]. They were also germane to Schlein's claims for exemplary damages. [*Id.* at 22-23]

Appellee's argument that the grievances about his law practice were properly excluded because they were character evidence is without merit. The argument assumes that complaints about how Griffin ran his office are directed at him personally. Furthermore, Tex. R. Evid. 406 specifically authorizes evidence of both "habit of a person" and the "routine practice of an organization." Since, by definition, grievances filed with the State Bar of Texas would have to relate to the practice of law, there is no basis for contending that these complaints were offered to prove Griffin's bad character.

Further, when a trial court's evidentiary rulings permit one party to create a false impression in the minds of the jury, reversible error is shown. *Durbin v. Dal–Briar Corp.*, 871 S.W.2d 263, 268–69, 273 (Tex.App.-El Paso 1994, writ denied), *overruled in part on other grounds by Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362 (Tex.2000)

Here the trial court's ruling permitted Griffin to pose as a paragon of virtue

while painting Schlein as some kind of lone crank. But Schlein was not alone; there were at least two dozen other clients who felt the same way about Griffin. The trial court's ruling deprived Schlein of her most effective weapon to counter Griffin's claims.

Finally, when reviewing evidentiary complaints, the reviewing court must consider the entire record. *See e.g. Interstate Northborough P'ship*, 66 S.W.3d 213, 220 (Tex. 2001). Put another way, the complained-of errors cannot be viewed in isolation. As one leading commentator noted:

> One error under scrutiny will be considered against the whole record, *including the other errors in the case*. If the other errors compound the harm caused by the error under scrutiny, then reversible error exists from a review of the record as a whole. If the other errors compound the harm caused by the error under scrutiny, then reversible error exists from a review of the record as a whole.

W. Wendell Hall, *Standards of Review in Texas*, 38 St. Mary's L.J. 47, 75 (2006)(emphasis supplied).

Here, when viewed in context, it is apparent that the trial court's ruling probably resulted in an improper verdict. Consider first that, based on Appellee's testimony of "habit or routine practice," the jury was allowed to take dozens of unsigned letters retrieved from Appellee's hard drive into the jury room. These letters were admitted wholesale, on the strength of Appellee's "routine practice" testimony, and offered to prove that he kept Schlein informed. [RR 8 13:24-16:4] The jury was not allowed to

consider evidence that dozens of Anthony Griffin's other clients believed that he did *not* keep them informed.   Even more egregiously, jurors were not allowed to take Griffin's public reprimands – public records – into the jury room with them.

Finally, Griffin was permitted to call "rebuttal" witnesses who reinforced Griffin's "routine practice" and testified as to his good character. [Brief of Appellant, at 26-27] In fact, Griffin's counsel argued to the jury that their testimony showed Ms. Schlein to be a "fraud."   [RR 12 155:16-20] Griffin  thus relied on the absence of all these complaints to his advantage.

 Viewed in this context, the conclusion is clear: the trial court's rulings put the scales of justice out of kilter and probably resulted in rendition of an improper verdict.

**III. Error as to Rebuttal Witnesses was Preserved**

Griffin's claim that Ms. Schlein waived error by failing to object to the testimony of rebuttal witnesses is without merit because the Rules of Evidence hold otherwise.  Tex. R. Evid. 103(a)(1) states that "[w]hen the court hears objections out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections."  Ms. Schlein did just that: she raised a specific objection to nondisclosed witnesses with the trial court, outside of the presence of the jury, after the charge conference. [RR 9 58:17-24] Counsel engaged

in brief argument about whether the need for such rebuttal witnesses should have been reasonably anticipated, as required under the Rules. [RR 9 58:25-59:5] At that point, the trial court had not ruled on the admissibility of the grievances; she promised a ruling on both issues when trial reconvened. [Id. 59:6-21]

The reporter's record resumes in the middle of Griffin's argument about whether the need for rebuttal witnesses could have been reasonably anticipated. [RR 10 5:1-7] The trial court makes it clear that she has already ruled on limiting the admissibility of the grievances. [RR 10 5:8-9] *See also* RR 11 163:9-168:19](formal bill of exception memorializing trial court's ruling on grievances) The trial court eventually ruled that a limited number of rebuttal witnesses would be admitted, impliedly overruling Ms. Schlein's objection. [RR 10 6:13-17]

"[T]he cardinal rule for preserving error is that an objection must be clear enough to give the trial court an opportunity to correct it." *Arkoma Basin Exploration Co., Inc. v. FMF Associates 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008). This record shows the trial court was made aware of Ms. Schlein's complaint and ruled accordingly. Error is preserved.

## CONCLUSION AND RELIEF REQUESTED

Appellee's response admits to relying on an incorrect theory of law to bring suit in his individual capacity. Appellee also fails to show that the exclusion of the dozens

of grievances against him was harmless. Further, error was preserved with respect to the admission of undisclosed testimony from rebuttal witnesses. Appellant Barbara Regina Schlein therefore prays that, for the reasons set forth in her briefs filed in this appeal, the judgment in favor of Anthony Griffin, individually, be reversed and judgment rendered in her favor; alternatively, that judgment be reversed as set forth above, and in her original Brief; and for all further relief to which she may be justly entitled.

Respectfully submitted,

**CHRISTIAN , SMITH & JEWELL, LLP**

By: *//s// Stephen H. Cagle, Jr.*
      Stephen H. Cagle, Jr.
      State Bar No. 24045596
      *scagle@csj-law.com*
      Heather Panick
      State Bar No. 24062935
      *hpanick@csj-law.com*
      2302 Fannin, Suite 500
      Houston, Texas 77002
      Telephone: (713) 659-7617
      Facsimile: (713) 659-7641

**ATTORNEYS FOR APPELLANT/
CROSS-APPELLEE**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record via the Rules on this the 4th day of May, 2015

Ms. Norma Venso
830 Apollo
Houston, Texas 77058
Facsimile: (281) 286-9990
Telephone: (409) 789-8661

By: *//s// Stephen H. Cagle, Jr.*
    STEPHEN H. CAGLE, JR.

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(2)(B), I hereby certify that Appellant Barbara Schlein's Brief in Reply contains less than 15,000 words (counting all parts of the document). Specifically, this brief was prepared using WordPerfect and according to its word-count function, this document contains 2,646 words in total. Further, the typeface used in this brief is no smaller than 14-point, except for footnotes, which are no smaller than 12-point.

By: *//s// Stephen H. Cagle, Jr.*
    STEPHEN H. CAGLE, JR.