SHELL PIPE LINE COMPANY, Appellant,

v.

C.O. WHEELER, et al., Appellees.

No. 08-86-00339-CV.

Court of Appeals of Texas, El Paso.

May 13, 1987.

Rehearing Denied June 10, 1987.

**852**

Rodney W. Satterwhite, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Pat Long, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellant.

Robert Scogin, Finley & Scogin, Kermit, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from an order of dismissal of petition in condemnation. The petition was filed on September 13, 1985, in the name of Shell Pipe Line Company. A commission hearing was had on October 11, 1985, and the commissioners awarded the condemnee $193,590.00. Condemnor objected to the award. Condemnee filed a motion to dismiss which included the grounds that Shell Pipe Line Company was a nonentity and had no capacity to condemn property. Condemnor moved to correct the name of the petitioner to Shell Pipe Line Corporation and was denied by the trial court. The cause was dismissed. We reverse and remand.

Shell Pipe Line Corporation is a Maryland corporation authorized to do business in the State of Texas. The corporation had retained counsel and had unsuccessfully negotiated settlement in its proper name with the condemnee. After the commissioners made their award, the corporation deposited the $193,590.00 in its correct name. The attorney for the corporation testified the word "company" was substituted for "corporation" by oversight.

It appears that Shell Pipe Line Corporation had the capacity, or legal power, of a corporation to effectuate eminent domain proceedings. It is a de jure pipeline corporation functioning under statutory empowerment.

We do not believe the misnomer in the petition in this case brings any detriment or disadvantage to the condemnee. A misnomer which cannot mislead merely entitles the defendant to abate the proceeding until the misnomer can be corrected. *Abilene Independent Telephone & Telegraph Co. v. Williams*, 111 Tex. 102, 229 S.W. 847 (1921). It has been held that a mere defect in pleadings in a condemnation suit does not make the proceeding void, but subject to proper amendment. *County of Jim Wells v. Cook*, 410 S.W.2d 325 (Tex.Civ. App.—San Antonio 1966, no writ). *Ex parte Edmonds*, 383 S.W.2d 579 (Tex. 1964). Although the condemnation proceedings are initially unique in procedure, once the objections to the commissioners' findings are duly filed, the case is to be tried as other civil cases. *State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788 (1960). Rule 63, Tex.R.Civ.P., provides that a party has a right to amend pleadings as long as such action does not surprise the opposite party. *Cactus Drilling Corporation v. Hager*, 487 S.W.2d 758 (Tex.Civ.App.—El Paso 1972, no writ). Here again, we believe the prior dealings and correspondence between the parties in the correct name of the corporation, both prior and subsequent to the filing of the petition, would abnegate surprise.

We therefore reverse the trial court's dismissal on the grounds of nonentity of the condemnor and remand it to the trial court for further proceedings not inconsistent herewith.

FULLER, Judge, dissenting.

I respectfully dissent. At the time Appellant initiated the condemnation suit, Shell Pipe Line Company was a nonexistent entity. It was neither a Texas corporation nor foreign corporation, and therefore had no statutory authority to condemn and could not invoke the court's jurisdiction. *Gulf Refining Company v. A.F.G. Management 34 Limited*, 605 S.W.2d 346,

348 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

The special commissioners' power is limited to filing the award of fair compensation for the condemnation. Tex.Prop.Code Ann. sec. 21.014 (Vernon 1984). Special commissioners are powerless to decide whether the condemnor possesses the right to condemn in the first place. *Amason v. Natural Gas Pipeline Company,* 682 S.W.2d 240 (Tex.1984). Proceedings in eminent domain are special in character and there must be a showing by the condemnor of strict compliance with the statute authorizing the taking. Nothing is presumed in favor of the power of the commissioners to enter their award. *City of Houston v. Kunze,* 153 Tex. 42, 262 S.W.2d 947 (1953). Shell Pipe Line Company was not entitled under the statutes of the State of Texas to exercise the power of eminent domain and had no right to begin a condemnation suit by filing its petition. Tex.Prop.Code Ann. sec. 21.012 (Vernon 1984). The condemning court therefore never was conferred with jurisdiction over the land sought to be condemned.

The judgment of the trial court should be affirmed.