Kia BAILEY, Individually and Larry
Bailey, Individually, Appellants,

v.

THE UNIVERSITY OF TEXAS
HEALTH SCIENCE CENTER
AT SAN ANTONIO, Appellee.

No. 04–07–00323–CV.

Court of Appeals of Texas,
San Antonio.

April 16, 2008.

Robert R. Varner, Jr., Steven E. Aldous, Braden, Varner & Aldous, P.C., Dallas, TX, for Appellants.

Jason Warner, Assistant Attorney General, Austin, TX, for Appellee.

Sitting: KAREN ANGELINI, REBECCA SIMMONS, and STEVEN C. HILBIG, Justices.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

This appeal stems from a health liability claim filed by Appellees Kia Bailey and Larry Bailey (collectively "Baileys"), initially, solely against Dr. Albert E. Sanders. Dr. Sanders was dismissed and severed from the suit pursuant to Section 101.106(f) of the Texas Civil Practice and Remedies Code. As a result, the Baileys amended their pleadings and included the University of Texas Health Science Center ("UTHSC") as a defendant. The trial court granted UTHSC's motion for summary judgment based on the affirmative defense of limitations. Because the trial court erred in granting UTHSC's motion for summary judgment, we reverse the judgment of the trial court and remand this cause for further proceedings.

## BACKGROUND

Dr. Sanders served as an Assistant Professor at UTHSC from February 1, 2004 to August 31, 2004. In April of 2004, Kia underwent a surgical procedure performed by Dr. Sanders at Christus Santa Rosa Hospital. Due to complications, Kia had to undergo further surgeries. The Baileys brought the underlying lawsuit against Dr. Sanders alleging damages as a result of the surgical procedure. The Baileys filed their original petition on July 14, 2005. Over a year later, on August 25, 2006, Dr. Sanders filed a "Motion for Summary Judgment of Substitution or Dismissal" pursuant to Section 101.106(f) of the Texas Civil Practice and Remedies Code.[1]

On September 21, 2006, the trial court granted Dr. Sanders's motion. In its order, the trial court decreed that the Baileys' lawsuit was against Dr. Sanders in his official capacity only and that their lawsuit would be dismissed with prejudice unless the Baileys amended their pleadings to dismiss Dr. Sanders and substitute his employer, UTHSC, on or before September 24, 2006. On September 25, 2006, the Baileys amended their petition and named UTHSC in the lawsuit. Thereafter, UTHSC filed a motion for summary judgment on the ground that the Bailey's suit was time barred. The trial court granted summary judgment and this appeal ensued.

---

1. Section 101.106(f) provides:

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it *could have been brought* under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005) (emphasis added).

## STANDARD OF REVIEW

Rule of Civil Procedure 166a provides that summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). Because the propriety of a summary judgment is a question of law, the trial court's decision is reviewed de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003).

The standards for review of a traditional summary judgment are well established: (1) the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

In reviewing a no-evidence summary judgment motion, we examine the record in the light most favorable to the nonmovant. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750 (Tex.2003); *Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002). When a party moves for summary judgment under Rule 166a(i), asserting that no evidence exists as to one or more elements of a claim on which the nonmovant would have the burden of proof at trial, the burden is on the nonmovant to present more than a scintilla of probative evidence to raise a genuine issue of material fact on each of the challenged elements. TEX.R. CIV. P. 166a(i); *Wal–Mart,* 92 S.W.3d at 506. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King*

*Ranch,* 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem., Inc.,* 650 S.W.2d 61, 63 (Tex.1983)). More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *King Ranch,* 118 S.W.3d at 751. A no-evidence summary judgment motion should be denied if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX.R. CIV. P. 166a(i); *Wal–Mart,* 92 S.W.3d at 506.

## ANALYSIS

UTHSC filed both a traditional and a no-evidence motion for summary judgment. In its traditional motion for summary judgment, UTHSC alleged that the "evidence does not conclusively demonstrate that the Baileys timely filed their health care liability claims." In its no-evidence motion for summary judgment, UTHSC states "there is no evidence that [the Baileys] filed their suit against [UTHSC] within the applicable statute of limitations." In their amended pleading naming UTHSC as a defendant, the Baileys claimed that their original petition was, in effect, a case against UTHSC and, therefore, their allegations in their amended pleading relate back to the original petition.

On appeal, the Baileys assert this court should reverse the summary judgment because (1) their suit against Dr. Sanders in his official capacity is the same as a suit brought directly against UTHSC and thus relates back to their original petition; (2) rules of statutory construction mandate that their amended petition including UTHSC relate back to their original petition; and (3) the equitable application of the statute of limitations prevents the bar of their claims against UTHSC.

For two reasons, we conclude that UTHSC failed to establish, as a matter of

law, that limitations barred the Baileys' claims. First, the principles supporting the relation-back doctrine equally apply in this case. Second, statutory construction of Section 101.106(f) mandates that the Baileys' amended petition relate back to their original petition. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005).

### A. "Relates Back" Doctrine and Section 74.251(a)

Section 74.251(a) is the two-year statute of limitations applicable to health care liability claims. TEX. CIV. PRAC. & REM.CODE ANN. § 74.251 (Vernon 2005). Section 74.251 states:

> Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

*Id.* "The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Cont'l S. Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975).

The Baileys assert that a "[s]uit against a governmental employee in his/her 'official capacity' is, in effect, a suit against the governmental unit the official represents and is the same as if it had been filed directly against the governmental unit" and therefore their suit against UTHSC

relates back to the original petition against Dr. Sanders. UTHSC states that "[although it was judicially determined Baileys' suit against Dr. Sanders was in his 'official capacity,' the [Medical Liability Act] and the [Texas Tort Claims Act] treat Dr. Sanders and UTHSCSA as separate and distinct defendants to which the 'relation back' doctrine does not apply." UTHSC further notes that the Baileys' lawsuit against Dr. Sanders was in his individual capacity and, thus, the lawsuit against UTHSC cannot relate back. Finally, UTHSC argues that the amended petition does constitute a new action because the amendment changed the defendant not just the capacity of the defendant.

The relation-back doctrine allows an amendment or supplement to pleadings, which would otherwise be barred by limitations, as long as the amendments are not based on new, distinct, or different transactions. TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997). "The rule at common law is this: the amended petition relates back to the filing of the original petition, even though new facts are alleged in the subsequent pleading, provided the *cause of action* remains the same as that alleged in the original pleading." *Chien v. Chen,* 759 S.W.2d 484, 493 (Tex.App.-Austin 1988, no writ) (emphasis original). A corollary to the relation-back doctrine is misnomer in which the correct defendant is sued but the pleading misnames him. The amended pleading that correctly names the defendant relates back to the date of the misnomer pleading. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex. 1990). Similar reasoning was used by the supreme court when it held that a petition which identified the defendant using his assumed name was timely filed even though the plaintiff amended to add the correct legal name of the defendant after the limitations period had expired. *Chil-*

*kewitz v. Hyson,* 22 S.W.3d 825, 827 (Tex. 1999).

In *Chilkewitz,* the plaintiff filed a lawsuit against Morton Hyson, M.D., in his individual capacity, within the limitations period. After the two year limitations period, Dr. Hyson filed a motion for summary judgment alleging that he did not perform the surgery; that none of his employees attended the surgery; and that he did not own any of the test equipment used during the surgery. *Id.* The plaintiff promptly amended his original petition, changing the designation of "Morton Hyson, M.D." to "Morton Hyson, M.D., P.A." The issue before the Texas Supreme Court was whether section 10.01 of the Medical Liability Act foreclosed application of rule 28. More specifically, "whether Texas Rule of Civil Procedure 28, which permits a party to sue or be sued in an assumed name, constitutes 'any other law' within the meaning of section 10.01 which would bar any tolling of limitations."[2] *Id.* at 826. The *Chilkewitz* Court reasoned:

> If Rule 28 extends the time within which a health care liability claim could be commenced, we would agree with the Association that section 10.01 forecloses the operation of not only rules promulgated by this Court but also statutes enacted by the Legislature that would otherwise extend limitations.

*Id.* at 829. The supreme court concluded, however, that when a party is sued in the name under which it conducts business, and that party has actual notice, Rule 28 does not toll the limitations period. *Id.* at 830. Therefore, Rule 28 was not "any other law that extends limitations within

the meaning of section 10.01. The proper party is sued when that party is sued in its assumed or common name." *Id.*

Similarly, in *Sheldon v. Emergency Med. Consultants, I, P.A.,* 43 S.W.3d 701, 703 (Tex.App.-Fort Worth 2001, no pet.), the court held that the theory of "misnomer" is not "any other law" that extends or tolls limitations because "misnomer treats a misnamed party as a properly sued party relating back to the time of the filing of the suit with the misnomer."

We find the rationale supporting both the relation-back doctrine and the courts' decisions in *Chilkewitz* and *Sheldon* no less compelling in this case. Three main principles support the relation-back rationale: (1) the intended defendant was sued; (2) it is clear no one was misled or placed at a disadvantage; and (3) the purpose of limitations would be served. *See Chilkewitz,* 22 S.W.3d at 829–30; *Sheldon,* 43 S.W.3d at 702–03. Each of these principles is found in this case.

The Baileys sued the intended defendant within the limitations period. The Baileys chose to sue Dr. Sanders, in his individual capacity, for common law torts. But for Dr. Sanders's 101.106(f) motion, the Baileys could have proceeded against Dr. Sanders in his individual capacity. *Villasan v. O'Rourke,* 166 S.W.3d 752, 761 (Tex. App.-Beaumont 2005, pet. filed) (stating "[i]njured claimants may still opt to proceed on viable common law claims against individual governmental employees, as common law claims are not proscribed by the amended statutory provisions of section 101.106"). The substitution of UTHSC for defendant Dr. Sanders was required

---

2. Article 4590i, Section 10.01, was the statutory predecessor of Section 74.251(a). Section 10.01 similarly provided:

   Notwithstanding **any other law,** no health care liability claim may be commenced unless the action is filed within two years

from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .

under section 101.106(f). Thus, there was no mistake by the Baileys in filing suit against Dr. Sanders. Indeed, they sued the intended defendant within the limitations period.

UTHSC was not misled about the claim or disadvantaged by its substitution. The Baileys claim that UTHSC was aware of the case from the time Ms. Bailey was injured and that it has not been prejudiced in its defense. The record includes sections of Dr. Sanders's deposition. In relevant part, Dr. Sanders testified:

Q. And you told the risk manager what happened?

A. I did.

Q. And this occurred within the couple of weeks after the surgery?

A. I believe so.

Q. So would you agree with me that the University of Texas had—their risk manager had noticed that, one, an untoward event had occurred with regard to your treatment of Ms. Bailey on April 15th, 2004?

A. That's correct.

. . . .

Q. And just to summarize what we've talked about so far in terms of reporting this, it's your memory that within a couple of weeks of the surgery on April 15th, 2004, you spoke with the risk manager at UT and informed her of the name of the patient, the procedure that you did, when you did it and that there was a potential for a claim to be lodged against you?

A. Yes.

Attached to Dr. Sanders's motion for summary judgment was the affidavit of Dr. Ronald P. Williams, M.D., Chairman of the Department of Orthopedic Surgery at UTHSC. Dr. Williams states:

UTHSCSA permits faculty members to treat UTHSCSA patients only in the general course and scope of their faculty duties. Albert E. Sanders, M.D., was therefore acting in the general course and scope of his employment as a faculty member in the Department of Orthopedic Surgery at the University of Texas Medical School, UTHSCSA when he provided medical care to Kia Bailey, a UTHSCSA patient, on April 15, 2004.

The relationship between Dr. Sanders and UTHSC is that of employer and employee. The original petition and subsequent amendments refer to the same acts or omissions of Dr. Sanders as the grounds for liability. In other words, the cause of action against Dr. Sanders and the cause of action against UTHSC arise out of the same actions, transactions, or occurrences. There is some evidence that UTHSC had actual knowledge of a potential claim and the lawsuit and that it knew or should have known it would be the intended party. Therefore, UTHSC had an opportunity to prepare a defense.

The purpose of limitations is served in this case. The Baileys sued the intended defendant. Dr. Sanders and UTHSC had actual knowledge of the Baileys' claim. The Baileys filed their claims within the limitations period providing Dr. Sanders and UTHSC a fair opportunity to defend while witnesses are available and evidence is fresh in their minds. Under these circumstances, we conclude that UTHSC failed to establish as a matter of law that section 74.251(a) barred the Baileys' amended petition required under section 101.106(f).

## B. Statutory Construction

Not only does the rationale behind the relation-back doctrine apply in this case, a review of the Tort Claims Act's election of remedies provision provides additional support that the Bailey's claims are not barred by limitations. Dr. Sanders took

advantage of section 101.106(f) of the Tort Claims Act to obtain a dismissal and substitution of UTHSC. Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f) (stating "[o]n the employee's motion, the suit ... shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant ..."). There is no expressed deadline for a section 101.106(f) motion; the employee has complete control over when such a motion will be filed. Since there is no expressed deadline we presume that the Legislature accounted for an employee filing this type of motion after the limitations period has expired.

Whether the Legislature intended for the Baileys' amended petition to relate back to their original petition under section 101.106(f) is a matter of statutory construction. We must give effect to the Legislature's intent based on the plain and common meaning of the words used. *Kroger Co. v. Keng,* 23 S.W.3d 347, 349 (Tex. 2000). Aside from considering the legislature's intent from the plain and common meaning of the words used, we may also consider the consequence of a particular construction. *Id.*

■ If we accept UTHSC's interpretation of section 101.106(f) and section 74.251(a), then, despite complying with both of these statutes, plaintiffs may have their health care liability claims barred by limitations. In such instance, the purpose of section 101.106(f) and section 74.251(a) would not be served. In order to fulfill the purpose of section 101.106(f), an amended petition must relate back to the original petition. Otherwise, a defendant may effectively bar the plaintiff's claims by filing a motion under section 101.106(f) after the limitations period. A defendant would be rewarded for dilatory conduct and the plaintiff penalized despite complying with the statutory requirements. We find

great difficulty in accepting the notion that the Legislature intended this result. This type of dilatory conduct would defeat the purpose of the election of remedies which is not to allow wholesale elimination of a plaintiff's claims by calculated timing of pleadings, but to narrow the issues for trial and reduce delay and duplicative litigation costs. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 656 (Tex., 2008).

Whether based on the principles underlying the relation-back doctrine or under statutory construction, UTHSC failed to establish, as a matter of law, that the Baileys' amended petition naming UTHSC was barred by section 74.251(a).

### Conclusion

Because limitations did not bar the Baileys' claims against UTHSC, the trial court erred in granting UTHSC motion for summary judgment on the grounds of the affirmative defense of limitations. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings.