

# Fourth Court of Appeals

## San Antonio, Texas

### CONCURRING OPINION

No. 04-12-00462-CV

Jose Luis **PENA**,
Appellant

v.

**COUNTY OF STARR**,
Appellee

From the County Court at Law, Starr County, Texas
Trial Court No. CC-08-135
Honorable Romero Molina, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice
Concurring Opinion by: Marialyn Barnard, Justice

Sitting:      Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed: December 18, 2013

I write separately to point out a significant inequity in the application of the relation back doctrine, which effectively nullifies the application of the statute of limitations with regard to a cause of action under the Family Medical Leave Act (FMLA). Pena, in the original petition filed October 28, 2007, specifically declared that no federal claims were alleged:

V.

**No Federal Claims Made**

5.1     Plaintiff hereby gives notice that the only causes of action he intends to litigate are those concerning rights afforded to him under the Texas Constitution, the Texas Labor Code—specifically Section 451 of the Labor Code, under the

Texas Commission on Human Rights Act ("TCHRA"), rights afforded to him by the Texas Workforce Commission—Civil Rights Division and the Common Law of the Sovereign State of Texas. **The Plaintiff hereby affirmatively avers that he has not alleged any federal cause of action**.

(emphasis added).

Pena asserts his causes of action arise from Starr County's wrongful termination of his employment. The termination was effective August 18, 2006, and Pena received notice on September 18, 2006, via a hand delivered letter. The statute of limitations for Pena's claims would normally run from this general time period. The statute of limitations under the Family Medical Leave Act (FMLA), a federal statute, is two years except where willful violation is alleged, and then it is three years. *See* 29 U.S.C.A. § 2617.

During oral argument, Pena's attorney admitted the purpose of stating in the original petition that no federal causes of action were alleged was to prevent removal to federal court.[1] Pena's averment in his petition precluded, as Pena desired, removal to federal court.

Although Pena averred there were "no federal claims made" in the October 28, 2007 petition, he filed an amended petition on September 28, 2010, approximately three years after the original petition was filed and four years after the 2006 cause of action arose, that included a federal FMLA cause of action. Despite his prior statement in the original petition, Pena now contends he can add new causes of action at any time, including those previously disavowed, based on the relation back doctrine found in the Texas Civil Practice and Remedies Code:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

---

[1] According to Pena's counsel, there are few state FMLA claims because most FMLA claims are removed to federal court. Thus, most case law discussing the FMLA derives from federal court opinions.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2008). Under the relation back doctrine, an amended pleading relates back to the date of the original filing if the amended pleading adds a new cause of action based on the same transaction or occurrence that forms the basis of the claim made in the original pleading. *See Bailey v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 261 S.W.3d 147, 150 (Tex. App.—San Antonio 2008), *aff'd*, 332 S.W.3d 395 (Tex. 2011); *Bratcher v. Boeke*, 207 S.W.3d 431, 434 (Tex. App.—Dallas 2006, no pet.).

Pena's use of the relation back doctrine to assert claims he previously disavowed in order to prevent removal to federal court smacks of gamesmanship and provides Pena with an unfair advantage. Based on the disavowal, Pena is permitted to keep his case in state court, but is then permitted years later to bypass the applicable statute of limitations using the relation back doctrine. Thus, Pena gets it all: his suit remains in state court and he still is permitted to assert his federal FMLA claims despite the applicable limitations period. Pena thwarts both the law relevant to removal and the applicable statute of limitations. I cannot believe this was what the Texas Legislature intended when it enacted the relation back doctrine.

In a case such as this, when a party affirmatively disavows a federal claim to avoid removal, I do not believe he should be permitted to resurrect that claim via the relation back doctrine, thwarting the application of the statute of limitations to his advantage and the opposing party's distinct disadvantage. Because the current law permits Pena's actions, I concur, but I would urge the Texas Legislature to address this inequity.


                                        Marialyn Barnard, Justice